AO 245B (Rev. 6/05) Sheet 1 - Judgment in a Criminal Case

# United States District Court
## District of North Dakota

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | Case Number: 3:08-CR-76 |
| Joseph Belanger | USM Number: 10016-059 |
| | Steve Light |
| | Defendant's Attorney |

**THE DEFENDANT:**

pleaded guilty to counts: ONE(1) and THREE(3) of the Indictment.

Accordingly, the defendant is adjudged guilty of such count, which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 2252(a)(4)(B) and 2252(b)(2) | Possession of Materials Involving the Sexual Exploitation of Minors | 7/21/08 | 1 |
| 18 USC 2252(a)(2) and 2252(b)(1) | Receipt of Materials Involving the Sexual Exploitation of Minors | 7/21/08 | 3 |

The defendant is sentenced as provided in pages 1 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count TWO(2) of the Indictment is dismissed on the motion of the United States.

It is ordered that the defendant shall pay to the United States a special assessment of $200, for counts 1 and 3 of the Indictment, which shall be due immediately. Said special assessment shall be made to the Clerk, U.S. District Court, Quentin N. Burdick, U.S. Courthouse, 655 1st Avenue North, Suite 130, Fargo, North Dakota 58102.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

January 23, 2009
Date of Imposition of Judgment

*(signature)* Ralph R. Erickson
Signature of Judicial Officer

RALPH R. ERICKSON, United States District Judge
Name & Title of Judicial Officer

January 28, 2009
Date

AO 245B (Rev. 3/04) Sheet 2 - Imprisonment

CASE NUMBER:     3:08-CR-76                                  Judgment - Page 2 of 5
DEFENDANT:       Joseph Belanger

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of <u>84 months</u>.

The court makes the following recommendations to the Bureau of Prisons:
1. That the defendant be placed in the least secure facility in California, that is appropriate for his care, treatment and rehabilitation.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
   Deputy U.S. Marshal

AO 245B (Rev. 06/05) Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 3:08-CR-76 | Judgment - Page 3 of 5 |
| DEFENDANT: | Joseph Belanger | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>LIFE</u>.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the court.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

[ ]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check if applicable.)

The defendant has been convicted of an offense listed in the DNA Analysis Backlog Elimination Act of 2000 or the Justice for All Act of 2004. These acts require the defendant to cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties page of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

The defendant shall be required to register as a sex offender and subjected to the possibility of community notification laws.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05) Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 3:08-CR-76 | Judgment - Page 4 of 5 |
| DEFENDANT: | Joseph Belanger | |

# SPECIAL CONDITIONS OF SUPERVISION

1. That the defendant shall not possess a computer without the prior written approval of the United States Probation Officer.

2. The defendant shall not have access to any "online computer service" at any location including employment without the prior written approval of the Untied States Probation Officer. This includes any Internet service, provider, bulletin board system or other public or private computer network. This also includes any game system, or any electronic devices that can access the internet. In addition, he shall not possess or use any data encryption technique or program. The defendant shall consent to third party disclosure to any employer or potential employer concerning any computer-related restrictions that are imposed on him.

3. The defendant shall not have unsupervised contact with minor children.

4. The defendant shall participate in a program of sex offender mental health assessment and treatment as approved by the United States Probation Officer until such time as he is released from that program by the Probation Officer. This assessment and treatment may include a plethysmograph and polygraph to assist in planning and case monitoring. Any refusal to such assessment or task as scheduled is a violation of the conditions of supervision.

5. The defendant shall submit his person, residence, workplace, vehicle, property, and/or possessions to a search conducted by a United States Probation Officer, or other law enforcement officer, at a reasonable time and in a reasonable manner based upon reasonable suspicion of contraband or evidence of a violation of supervision. Failure to submit to a search may be grounds for revocation, additional criminal charges, and arrest. The officer shall notify any occupants that the premises may be subject to searches pursuant to this condition. A probation officer may invoke a search with or without the assistance of other law enforcement officers.

6. The defendant shall grant a limited waiver of his right of confidentiality in any records of mental health treatment imposed as a consequence of this judgment to allow the treatment provider to provide information to the probation officer to monitor the defendant's progress. The probation officer shall disclose the Presentence Report, and/or any previous sex offender or mental health evaluations to the treatment provider.

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____   _____
            Defendant                                Date

_____   _____
U.S. Probation Officer/Designated Witness   Date

AO 245 S (Rev. 06/07) Sheet 5, Part B - Criminal Monetary Penalties

| | | |
|---|---|---|
| CASE NUMBER: | 3:08-CR-76 | Judgment - Page 5 of 5 |
| DEFENDANT: | Joseph Belanger | |

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth. The special assessment shall be due immediately and payable to the Clerk, U.S. District Court.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 200.00 | $ 0 | $ 0 |

## FORFEITURE

The defendant shall forfeit the defendant's interest in the following property to the United States:

Panasonic laptop computer, serial number 6LKYAO3989;

Dell desktop computer, serial number HLVTA;

Apple desktop computer, model number A1047 (containing hard drive, serial number B620BLFH); and

Approximately five CDs and six zip discs.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary payments are to be made as directed by the court, the probation officer, or the United States Attorney.